**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-40844
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVE KEDRICK WALKER,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:07-CR-92

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Steve Walker was convicted by a jury of conspiracy to possess with intent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to distribute five kilograms or more of cocaine. He was sentenced to 235 months of imprisonment and a five-years' supervised release.

Four coconspirators, including Franzonia Alexander, testified against Walker. Walker contends that the district court violated his Sixth Amendment right to confrontation by denying him the opportunity to cross-examine Alexander about his pending state felony charge of money laundering, under FED. R. EVID. 608(b), for the purpose of challenging his credibility. Walker asserts that if presented with evidence that Alexander had a pending charge, the jury could have inferred that Alexander's testimony was motivated by the desire to obtain preferential treatment from the government regarding his federal sentence.

There is no evidence suggesting that the government had the ability to influence the prosecution of the apparently unrelated Texas state money-laundering charges. Furthermore, Alexander acknowledged on direct and cross-examination that he had entered into a plea agreement whereby he would substantially assist the government in hopes of receiving a sentence reduction. These admissions raised the question whether Alexander's testimony against Walker was motivated by his desire to win government favor.

The record reflects that the jury was provided with sufficient information to appraise Alexander's bias and motives, and the limitation of Alexander's cross-examination did not violate the Sixth Amendment. *See United States v. Tansley*, 986 F.2d 880, 886 (5th Cir. 1993). The district court did not abuse its discretion in determining that the prejudicial effect of the proposed line of questioning outweighed its probative value. *See United States v. Thorn*, 917 F.2d 170, 176 (5th Cir. 1990). Moreover, any error would be harmless, because the testimony of the other three coconspirators was sufficient to prove Walker's participation in the conspiracy. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

AFFIRMED.